IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| LATASHA AMBER ELLIS, | ) | CASE NO. 5:20-CV-00226 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action under 42 U.S.C. § 405(g) by Latasha Amber Ellis seeking judicial review of the 2018 final decision of the Commissioner of Social Security that denied Ellis's 2016 application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have filed briefs,[7]

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Patricia A. Gaughan. ECF No. 13.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 11.
[7] ECF Nos. 14 (Ellis), 18 (Commissioner), 19 (Ellis reply).

1

together with supporting charts[8] and fact sheets.[9] The parties have met and conferred with the goal of reducing or clarifying the issues,[10] and have participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be affirmed.

## Facts

<u>The ALJ's decision</u>

Ellis was born on June 17, 1966[12] and lives with her seventeen-year-old daughter, while also caring for her mother.[13] She previously worked as a care aide/home health aide/home attendant[14] and sheltered workshop supervisor.[15] She has a high school education.[16]

The ALJ found that Ellis has the following severe impairments:

> Obesity, fibromyalgia, degenerative joint disease/osteoarthritis of the right knee, asthma, major depressive disorder, anxiety disorder, post-traumatic stress disorder.[17]

---

[8] ECF No. 18, Attachment (Commissioner).
[9] ECF No. 15 (Ellis).
[10] ECF No. 20.
[11] ECF No. 22.
[12] Tr. at 29.
[13] *Id*. at 20-21.
[14] Id. at 29.
[15] *Id*. at 29.
[16] *Id*.
[17] *Id*. at 17.

2

The ALJ determined that Ellis does not have an impairment or combination of impairments that meet or medically equals a listing.[18] After considering the record, the ALJ then found that Ellis has the residual functional capacity (RFC) to do light work with the following additional restrictions:

> She can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. She can frequently stoop and crouch and occasionally balance, kneel and crawl. She should never have exposure to unprotected heights and moving mechanical parts. She should avoid concentrated exposure to humidity, extreme cold and extreme heat, dust, odors, fumes and other pulmonary irritants. She is limited to performing simple routine tasks and simple work-related decisions. She is limited to frequent interactions with supervisors and coworkers, and only occasional interaction with the general public. She can tolerate few changes in a routine work setting.[19]

Applying the RFC, Ellis was found unable to perform her past relevant work.[20] A vocational expert then testified that a person with Ellis's age, education, work experience and RFC could perform the duties of housekeeper, food service worker and packing line worker, and that jobs in these occupations exist in significant numbers in the national economy.[21] Ellis was therefore found not disabled.[22]

Ellis's Position

---

[18] *Id*. at 18.
[19] *Id*. at 21.
[20] *Id*. at 29.
[21] *Id*. at 30.
[22] *Id*.

Ellis argues first that the RFC is not supported by substantial evidence, in particular because the ALJ failed to provide good reasons for giving lesser weight to the opinions of Dr. Miedel and Dr. Ahmed.[23]

She argues further that the mental RFC is not supported by substantial evidence because the ALJ rejected "all medical evidence" and found her more capable than did any medical opinion.[24]

### The Commissioner's Position

The Commissioner contends that the ALJ properly weighed the opinions of Dr. Miedel and Dr. Ahmed.[25] Further, the Commissioner contends that in the absence of a mental functional opinion from Ellis, the ALJ properly weighed the opinions of a consultative examiner and the two state agency reviewers, together with evaluating Ellis's credibility as to activities of daily living.[26]

**Analysis**

This matter is analyzed under the well-established substantial evidence standard, which need not be restated. Further, because Ellis filed her application before March 27, 2017, her claims arising from the application of the treating physician rule are reviewed

---

[23] ECF No. 14 at 10-14.
[24] *Id*. at 15-17.
[25] ECF No. 18 at 9-18.
[26] *Id*. at 18-23.

under the former rule that required the ALJ to accord a presumption of controlling weight to the opinion of a treating source.[27]

### Physical RFC and Opinions of Dr. Miedel and Dr. Ahmed

The first issue deals with medical source opinions as to the physical RFC finding in the context of fibromyalgia. The ALJ gave little weight to the opinions of Dr. Hannah Miedel, M.D., a purported treating source,[28] and of consultative examining physician Dr. Jibran Ahmed, M.D.[29]

As to Dr. Miedel, the ALJ began with describing why her opinion would not be given controlling weight.[30] This is a sufficient acknowledgment, if less than specific, of Dr. Miedel's status as a purported treating source.[31]

The ALJ then essentially gives three reasons for giving this opinion only little weight. First, at the time of the opinion Dr. Meidel had "received little treatment from Dr. Miedel."[32] In fact, the opinion was given on only Ellis's second visit.[33] It is proper for the ALJ to determine the weight given to a treating source opinion by reference to the length of the treatment relationship and frequency of examination.[34]

---

[27] *Jones v. Berryhill*, 392 F.Supp.3d 831, 839 (M.D. Tenn. 2019) (citations omitted).
[28] Tr. at 23-24.
[29] *Id.* at 24.
[30] *Id.* at 23.
[31] See, *Armstead v. Comm'r*, 2018 WL 5267161, at *4 (N.D. Ohio Oct. 23, 2018) (citation omitted).
[32] Tr. at 23.
[33] Tr. at 414-15.
[34] *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).

5

Next, the ALJ noted that Dr. Miedel had admitted she filled out the functional evaluation form "as best I could with her [Ellis's] report of symptoms" rather than from the doctor's own examination and perspective.[35] An ALJ properly discounts the weight given to an opinion that appears based on the claimant's subjective allegations.[36]

Third, the ALJ discounted the weight given to Dr. Miedel's opinion because Ellis had not followed treatment advice.[37] When a claimant alleges disabling pain, there is a reasonable expectation that such a claimant will seek treatment, particularly when prescribed, and failure to do so may cast doubt on such assertions of pain.[38] Given that Dr. Miedel's opinion was admittedly based on Ellis's own reports on her pain, her failure to avail herself of prescribed treatment, with no explanation as to why, could logically lead to a lessening of the weight given to Dr. Miedel's opinion.

Ellis, in response, argues that the reference to orthopedics was for knee pain and not fibromyalgia, and so this reason by the ALJ is irrelevant.[39] She also argues that the ALJ should have inquired about why she didn't pursue treatment and that this failure precludes his relying on her failure to pursue treatment as a reason for downgrading the opinion of Dr. Miedel.[40]

---

[35] Tr. at 23.
[36] *Tate v. Comm'r*, 467 Fed. Appx. 431, 433-34 (6th Cir. 2012).
[37] Tr. at 23-24.
[38] *Strong v. Soc. Sec. Admin.*, 88 Fed. Appx. 841, 846 (6th Cir. 2004).
[39] ECF No. 19 at 2.
[40] *Id*.

That said, however, the Commissioner is correct to note, insofar as it concerns the weight given to Dr. Miedel's opinion, that the ALJ properly discounted the weight given to an opinion given on only the second visit and given largely in response to Ellis's own subjective accounts of her symptoms.

As to the opinion of Dr. Ahmed, the ALJ noted initially that Ellis informed Dr. Ahmed that she could neither walk nor work for long hours due to her fibromyalgia.[41] The ALJ then noted that, despite the fibromyalgia, she regularly performed activities of daily living in a home with two steps, did not use an assistive device, was able to drive and was able to care for her mother and daughter.[42] The ALJ further noted that Dr. Ahmed's physical examination was mostly benign.[43]

While Ellis is correct in noting that normal strength, range of motion and gait are consistent with fibromyalgia and so do not of themselves disprove any limitations from fibromyalgia,[44] saying this does not negate the fact that Dr. Ahmed was a one-time examining source and his opinion is not presumptively entitled to controlling weight. Indeed, the requirement to give good reasons for giving less than controlling weight does not apply to opinion of non-treating sources.[45] As the Sixth Circuit has said, the opinion of

---

[41] Tr. at 24.
[42] *Id.*
[43] *Id.*
[44] ECF No. 19 at 2.
[45] *Martin v. Comm'r*, 658 Fed. Appx. 255, 259 (6th Cir. 2016).

7

a one-time examiner is entitled to "no special deference."[46] Thus, I do not find that the ALJ erred in the weight assigned to the opinion of Dr. Ahmed.

If the opinions of Drs. Meidel and Ahmed cannot of themselves establish a basis for greater disability, Ellis argues that the ALJ erred by giving greater weight to the opinions of non-examining state agency reviewers who did not even list fibromyalgia as an impairment to be considered.[47] The ALJ gave little weight to the opinion of Dr. Miedel,[48] little weight to the opinion of Dr. Ahmed,[49] and significant weight to the opinion of Dr. Manos, the state agency reviewer.[50]

Opinions of non-examining sources can, under certain circumstances, receive greater weight than opinion of examining sources, such as when the non-examining source has reviewed "the complete case record."[51] Here, Dr. Manos noted Ellis's own comment that she was unable to work due to fibromyalgia and further cited Dr. Miedel's opinion, which she found was unsupported by the evidence.[52] As such, it appears that the opinion of Dr. Manos was based on knowledge of Ellis's fibromyalgia and Dr. Miedel's opinion. Thus, it seems that the ALJ had proper grounds for according it more weight than was given to Dr. Miedel's opinion.

---

[46] *Tucker v. Comm'r*, 775 Fed. Appx. 220, 226 (6th Cir. 2019) (citation omitted).
[47] ECF No. 14 at 14.
[48] Tr. at 23.
[49] *Id*. at 24.
[50] *Id*. at 26.
[51] *Miller v. Comm'r*, 811 F.3d 825, 834 (6th Cir. 2016) (citations omitted).
[52] Tr. at 103.

Mental RFC

As noted above, the ALJ gave some weight to the opinion of consultative examiner Natalie Meyer, Psy. D., and little weight to the state agency reviewers.[53] Moreover, there were no treating source opinions as to mental health.

In giving reduced weight to the opinions of the consultative examiner and the state agency reviewers, the ALJ in both cases relied significantly on Ellis's activities of daily living and in not fully crediting Ellis's accounts of her social isolation, anxiety and panic attacks.[54] Moreover, as the Commissioner observes, while there was evidence that Ellis requires breaks to accommodate physical pain while performing household tasks, there is no record of any need for breaks to accommodate any psychological limitation.[55]

In the end, an ALJ's determination of credibility is here afforded great weight and deference.[56] Thus, as here, if the ALJ discounted Ellis's claims of social isolation, extreme anxiety and panic attacks because they were inconsistent with her activities of daily living, the ALJ may then logically discount functional opinions that rest upon those same discounted claims.[57] In the absence of any functional opinion from a treating medical source, I find no error in how the ALJ evaluated the mental component of the RFC.

---

[53] ECF No. 18 at 18-19 (citing record).
[54] *Id*. at 20-22 (citing record).
[55] *Id*. at 22.
[56] *Jones v. Comm'r*, 336 F.3d 469, 476 (6th Cir. 2003).
[57] *Allen v. Comm'r*, 561 F.3d 646, 652 (6th Cir. 2009).

## Conclusion

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 30, 2021                                    <u>s/William H. Baughman Jr.</u>
                                                                         United States Magistrate Judge